UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY

ASPEN AMERICAN INSURANCE
COMPANY,

     Plaintiff,

                                     CASE NO.

vs.

DOYCE PRICE and LAWANDA PRICE,

     Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, ASPEN AMERICAN INSURANCE COMPANY, by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

## JURISDICTION AND VENUE

1.     This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2.     Venue lies within the Middle District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assureds named therein, the Defendants DOYCE PRICE and LAWANDA PRICE residing in Winter Haven, Florida.

3.    This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4.    Plaintiff, ASPEN AMERICAN INSURANCE COMPANY, (hereinafter "ASPEN") is a corporation organized and existing under the laws of the state of Texas, with its office and principal place of business located in the state of Connecticut.

5.    Upon information and belief, both the Defendant DOYCE PRICE and the defendant LAWANDA PRICE (hereinafter the "DEFENDANTS") are residents of the State of Florida.

## FACTUAL ALLEGATIONS

6.    On or about February 24, 2014, Defendants submitted to the Plaintiff, via Defendants' agent, an application for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

7.    A true and correct copy of the said application form completed and signed by the Defendants and submitted to Plaintiff on or about February 24, 2014 by and on behalf of the Defendants by their agent is attached hereto as Exhibit "A."

8.    Plaintiff agreed to issue a policy of marine insurance based upon the representations set forth in, and the material information disclosed in, the application form which is attached hereto as Exhibit "A.".

9.    On or about August 24, 2014, Plaintiff "ASPEN" in exchange for good and valuable consideration issued to the Defendants named herein a policy of marine insurance affording Hull &

2

Machinery coverage in the amount of $350,000.00 on the 2005 41 ft Luhrs motor vessel which was owned by the said Defendants.

10.    Thereafter, for each succeeding year, Plaintiff agreed to renew the coverage on the basis of the Defendants' representations and the material information disclosed in the original Application.

11.    . On or about February 24, 2018, Defendants submitted to the Plaintiff, via Defendants' agent, a Renewal Application for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to renew the insurance coverage on the vessel for another year.

12    A true and correct copy of the said Renewal Application form completed and signed by the Defendants and submitted to Plaintiff on or about February 24, 2018 by and on behalf of the Defendants by their agent is attached hereto as Exhibit "B."

13.    On or about August 24, 2018, Plaintiff "ASPEN" in exchange for good and valuable consideration issued to the Defendants named herein a policy of marine insurance affording Hull & Machinery coverage in the amount of $350,000.00 on the 2005 41 ft Luhrs motor vessel which was owned by the said Defendants.

14.    A true and correct copy of Plaintiff's Policy of Marine Insurance ASU00359600 is attached hereto as Exhibit "C."

15.    Plaintiff agreed to issue the new policy of marine insurance based upon the representations set forth in, and the material information disclosed in, the application forms which is attached hereto as Exhibits "A" and "B."

16.     On or about August 20, 2018, while the Plaintiff's Policy No. ASU00359600 was in full force and effect, the 2004 vessel which was owned by the said Defendants sank at the dock where the Defendants kept the said vessel, causing the Defendants to notify Plaintiff and to submit a claim under the policy of marine insurance.

17.     Upon receipt of the first notice of the August 20, 2018 incident described herein, Plaintiff conducted an investigation into the facts and circumstances surrounding the said incident, and Plaintiff also reviewed the Underwriting File containing the policies and the applications, as well as communications with the insurance brokers acting as the agents of the Defendants.

18.     As a result of the investigation referenced above, the Plaintiff has learned that there was no accident which caused the ingress of seawater which caused the vessel to sink at its dock.

19.     As a result of the reports of the investigation referenced above, the Plaintiff has learned that Defendants failed to comply with warranties and/or conditions  made mandatory at the time that the policy was underwritten and which barer set forth in the policy.

20.     As a result of further investigation, the Plaintiff has learned that Defendants failed to disclose facts which were material to the underwriting decisions(s) and the issuance of the policies referenced herein.

## FIRST CAUSE OF ACTION

21.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

22.     Plaintiff's policy states, in pertinent part:

### Section 1 Hull and Machinery Coverage

\*\*\*\*\*\*

> 1.01   If a sum insured is shown for Hull in the insuring agreement dec-
> laration page, we will provide coverage for accidental physical
> loss of, or damage to the insured vessel, which occurs during the
> policy period of this insuring agreement and within the limits set
> out in the declaration page, subject to the insuring agreement pro-
> visions, terms and conditions, and exclusions herein.

23.   The incident in which the Defendants' vessel sustained damage on August 20, 2018 does not constitute an accidental physical loss for which coverage would be afforded under the express terms and provisions of Plaintiff's policy of marine insurance.

24.   Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, the Defendants named herein have made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to the vessel insured under the said terms of the said policy of marine insurance.

25.   Notwithstanding the said breach of their obligations and/or duties under Plaintiff's policy of marine insurance, the Defendants have made demand upon Plaintiff for payment of an amount equal to the alleged damages or the insured value of the vessel insured under the said policy of marine insurance.

26.   As a result of the aforesaid demands notwithstanding lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. ASU00359600.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

27.    As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona</u> <u>fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment

## SECOND CAUSE OF ACTION

28.    Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

29.    Plaintiff's policy states, in pertinent part:

<u>Exclusions for Hull and Machinery</u>

Unless specifically agreed by us in writing and additional pre-mium paid the following exclusions apply and coverage is not provided:

\*\*\*\*\*\*

1.B)  Losses caused by or due to: wear and tear, gradual deter-ioration, lack of maintenance, inherent vice, weathering, insects, mould, animal and marine life, wet or dry rot.

30.    The incident in which the Defendants' vessel sustained damage on June 19, 2018 was due to wear and tear, gradual deterioration, lack of maintenance, etc., for which coverage is excluded under the express terms and provisions of Plaintiff's policy of marine insurance.

31.    Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, the Defendants named herein have made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to the vessel insured under the said terms of the said policy of marine insurance.

32.    As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. ASU00359600.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

33.    As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona</u> <u>fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment.

## <u>THIRD CAUSE OF ACTION</u>

34.    Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

35.    Plaintiff's Policy No. ASU359600 is subject to a Special Conditions provision which appears explicitly on the Yacht Policy Declarations Page , at Page 3, Item 15, which states that coverage is "[s]ubject to the Letter of Compliance for the 2015 condition and valuation survey being seen and agreed by underwriters within 10 days from inception."

36.     As a result of the investigation, Plaintiff has determined that the referenced Condition and Valuation Survey which was done in 2015 was never "seen and agreed by underwriters was is expressly made a Special Condition of the coverage afforded under Policy No. ASU00359600.

Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, the Defendants named herein have made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to the vessel insured under the said terms of the said policy of marine insurance.

37.     As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. ASU00359600.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

38.     As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona</u> <u>fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment.

## **FOURTH CAUSE OF ACTION**

39.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs through 20 as if set forth fully herein.

40.    Plaintiff's policy states in pertinent part:

> Unless we agree in writing to the contrary, if we request a survey of the insured vessel then such survey must be received by us within 45 days of the effective date of this agreement. If the survey contains any recommendations with respect to the insured vessel, then it is warranted that all such recommendations are completed prior to any incident that may give rise to a claim hereunder, by skilled workmen using fit and proper materials and that you have signed a compliance form to that effect.

41.    Plainmt5iff's investigation has determined that no Letter of Compliance with the recommendations set forth in the 2015 survey was ever submitted, in breach of the warranty and condition referenced herein.

42.    Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, the Defendants named herein have made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to the vessel insured under the said terms of the said policy of marine insurance.

43.    As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. ASU00359600.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

44.    As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the

9

existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment.

## FIFTH CAUSE OF ACTION

45.    Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

46.    Plaintiff's Policy No. ASU00277600 states, in pertinent part:

### POLICY TERMS AND CONDITIONS

The following terms and conditions apply to all sections and coverages provided by this Yacht policy:

******

2.)  MISREPRESENTATION, CONCEALMENT OR FRAUD: The entire policy will be ***VOID*** if, in connection with your insurance application, whether before or after a loss, occurrence or event, any named insured or operator has

:

  a)    Misrepresented or failed to disclose any material fact or circumstance or made any false statement related to this insurance;

47.    The Defendants breached the provisions of Plaintiff's policy of marine insurance set forth above by misrepresenting or failing to disclose facts which were material to Plaintiff's decision accept the risk and/or to issue a policy in the referenced Agreed Amount, and/or to set the premium.

48.    The Defendant misrepresented and/or failed to disclose material facts regarding Defendant Doyce Price having been convicted and/'or pleaded guilty to a criminal charge of Driving Under the Influence in 2004.

49.    Had the Defendants disclosed the material facts referenced herein, the Plaintiff would not have agreed to insure the vessel and/or would have not have agreed to issue policy or would have

10

charged a higher premium for the said policy.

50.    The Defendants' misrepresentation and/or failure to disclose material facts constitutes a breach of the duties imposed upon the Defendants by the express terms of the policy and under the applicable principles of federal admiralty law.

51.    Defendants' breach of the policy renders the said policy void *ab initio* and/or entitles the Plaintiff to declare the said policy void.

52.    Notwithstanding the said breach of the policy and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full amount of the insured value of the vessel under the said policy of marine insurance.

53.    As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. ASU00277600.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

54.    As a result of the Defendants' demands for payment  under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A)     Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendants as regards the incident of August 20, 2018 in which the insured vessel is alleged to have sustained damage;

(B)     Declaring that Plaintiff's Policy No. ASU00359600 does not afford coverage to the Defendant for the incident of August 20, 2018 in which the insured vessel sustained damage;

(C)     Declaring that coverage is excluded for the damage alleged to have been sustained by the insured vessel as a result of the incident of August 20, 2018;

(D)      Declaring the Plaintiff's Policy No. ASU00359600 is void for breach of Warranty and conditions;

(E)          Declaring that Plaintiff's Policy No. ASU00359600 is void due to the Defendants Misrepresentation of or failure to disclose material facts:

(F).    Any and all such other and further relief as the Court may deem proper and appropriate in the premises.


Dated:          May 5, 2020
                Fort Lauderdale, Florida


                            GOLDMAN & HELLMAN
                            Attorneys for Plaintiff
                            8751 W. Broward Boulevard
                            Suite 404
                            Fort Lauderdale, Florida 33324
                            Tel (954) 356-0460
                            Fax (954) 832-0878


                            By:     /s/ Steven E. Goldman
                                    STEVEN E. GOLDMAN, ESQ.
                                    FLA. BAR NO. 345210